**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ADEBOLA FAGBEMI,** | ) | FILED: JUNE 30, 2008 |
| **Plaintiff,** | ) | 08CV3736 |
| **v.** | ) | JUDGE KENDALL |
| | ) | MAGISTRATE JUDGE BROWN |
| **CITY OF CHICAGO, and JOHN SPATZ, Jr., Individually, and as Commissioner of the Department of Water of the CITY OF CHICAGO,** | ) | TG |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, ADEBOLA FAGBEMI, by and through his attorneys, Arthur R. Ehrlich and Jonathan C. Goldman of GOLDMAN AND EHRLICH, and complaining of Defendants, CITY OF CHICAGO, and JOHN SPATZ, Jr., Individually, and as Commissioner of the Department of Water of the CITY OF CHICAGO, states as follows:

1. This is an action for violations of the Plaintiff's rights to be free of political affiliation, and the Defendants' promotion decisions which were made on the basis of political affiliation and political involvement, and for violations of Plaintiff's First Amendment rights when Defendant SPATZ refused to promote him in retaliation for complaints of matters of public concern, in violation of the First and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. §1983. This Court has jurisdiction under 28 U.S.C. §1343 and 42 U.S.C. §1983. Venue is proper in this district because the parties reside in Cook County, Illinois.

2. Plaintiff, ADEBOLA FAGBEMI, is a resident of Chicago, Illinois. Plaintiff has been employed by the Defendant CITY OF CHICAGO in the Department of Water at all times relevant to this complaint.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

3. Defendant, CITY OF CHICAGO, is a municipal corporation organized under the laws of the State of Illinois.

4. Defendant, JOHN SPATZ, Jr., was commissioner of the Department of Water of the CITY OF CHICAGO at all times relevant to this complaint. As commissioner, SPATZ had final authority to approve of promotion decisions made within the Department of Water and has control over policy decisions pertaining to promotions. SPATZ is a resident of Chicago, Illinois.

5. Plaintiff has been employed with the CITY of CHICAGO's Department of Water since approximately 1988, and has been chief filtration engineer at the South Water Purification Plant for the Defendant CITY since 2002.

6. Plaintiff has at all times performed his work in an exemplary manner. He has a PhD in environmental engineering with a specialization in water and wastewater, and has over eighteen years of direct, hands-on experience as a filtration engineer with Defendant CITY's Department of Water.

**COUNT I**
**SECTION 1983 SHAKMAN CLAIM**

7. In July of 2006, Defendant SPATZ told Plaintiff that he had been doing excellent work as chief filtration engineer and that Plaintiff was very well qualified for the position of Engineer of water purification. SPATZ told Plaintiff, however, that another individual would be appointed to this position despite Plaintiff's excellent qualifications and indicated that this decision was not based on Plaintiff's qualifications, abilities or performance.

8. The position of engineer of water purification (EWP) became vacant on or about July 11, 2006, when the individual who held that position became the acting deputy commissioner of the Water Department over the Bureau of Water Supply. The engineer of water purification (EWP) operates as the head of the Treatment Division of the Bureau of Water Supply and reports to the deputy commissioner of the Water Department over the Bureau of Water Supply. The EWP

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

position is a career service position and is not Shakman exempt. This position must be filled by posting the position and interviewing qualified candidates through the career service process.

9. The individual selected over Plaintiff assumed the duties of "acting" EWP shortly after July 11, 2006. This individual did not have an Illinois Class A Water Operators License at the time he became acting EWP and did not have any direct water purification experience. This individual had previously worked only as a project administrator and had no prior direct experience in water plant management.

10. In July of 2006, Plaintiff sent a written complaint to the chief of staff for Defendant CITY complaining that despite Plaintiff's vast qualifications for the EWP position, the position was being held by an individual who did not have sufficient qualifications and did not have a required Water Operators License. No action was taken on Plaintiff's complaint. In or about November of 2006, Plaintiff complained to Defendant CITY's Shakman compliance officer and a complaint was made to the Defendant CITY's inspector general. Plaintiff did not receive any response to these complaints and Defendants allowed the individual to remain as acting EWP.

11. In May of 2007, the chief filtration engineer at another water purification plant submitted a written request to Defendants asking if he could "act up" as the EWP. Plaintiff's request was denied based on Defendants' claim that no one had been working in this position in an acting capacity in the past and that no one would be "acting up" as EWP in the present. In fact, the selected individual had been issuing emails and memoranda to several employees in the Water Department, including to the deputy commissioner, identifying himself as the "Acting Engineer of Water Purification" or "AEWP" since August of 2006.

12. Shortly after Defendants claimed no one was "acting up" as EWP, the individual who had in fact been in the position of acting EWP stopped using this specific title in his

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

memoranda and emails. This individual, however, continued to perform the same duties he had been performing as the acting EWP.

13. In August of 2007, Plaintiff sent a letter to Defendant CITY requesting to be considered for a promotion to the EWP position and to be able to compete for this position. Plaintiff did not receive a response.

14. Instead of allowing qualified individuals to apply for the EWP position, in January of 2008, Defendants created a new title of "Assistant Engineer of Water Purification" and added this title to the 2008 budget. No posting or announcement was made for this position by Defendants. Instead, Defendants appointed the same individual who was appointed to the acting EWP position to the newly created assistant EWP position without any posting of this position, without conducting interviews, and without allowing any appropriate competition to determine the best qualified candidate for this newly created position.

15. After Defendants appointed this individual to the assistant EWP position, this individual assumed the same duties as he had as an acting EWP and directed Plaintiff and others to report to him regarding the status of various matters affecting their water purification plants.

16. Plaintiff was significantly more qualified for this EWP position be it as acting EWP or assistant EWP. Plaintiff has a PhD in environmental engineering with a specialization in water and wastewater engineering, while the selected individual only has a BS degree. Plaintiff worked as a water chemist for Defendant in 1988, and was promoted to consecutively higher levels as a filtration engineer until his promotion to chief filtration engineer in 2002. The newly-promoted assistant EWP had only worked as a project administrator in the past. Plaintiff had eighteen years of direct, hands-on water purification experience as a filtration engineer and six years managing a water purification plant, while the selected individual had no prior direct water purification or

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

direct water plant management experience. The selected individual did not even have a proper Illinois EPA Water Operator License until 2007.

17. Defendants selected the individual in question over Plaintiff and allowed that individual to remain as acting and then assistant EWP because that individual's family had political connections and had made donations to the Eleventh Ward and Fourteenth Ward organizations in the past. Defendants committed these actions under the color of state law and knew that their actions violated the law. Plaintiff informed Defendant CITY of the lack of qualifications of the selected individual and that the position was filled without any competition to determine the best qualified candidate. Defendant CITY ignored Plaintiff's complaints and created the assistant EWP as a new position within Defendant CITY's budget and allowed the individual to fill that position without allowing Plaintiff the opportunity to interview or be considered for the position.

18. As commissioner, the individual Defendant SPATZ used his position under color of state law to appoint the selected individual to the acting and then assistant EWP position without allowing other qualified individuals to compete for this position. SPATZ made his decision to promote the less qualified individual based on his political connections instead of selecting Plaintiff, who was the most qualified person for this position.

19. The CITY expressly ratified the acts of SPATZ by ignoring Plaintiff's complaints in 2006 and 2007, by creating a new position within the CITY's budget of assistant EWP, and by authorizing and ratifying the decisions of SPATZ to appoint the individual in question to this position despite being aware of Plaintiff's complaints that the individual was not properly qualified and that there had been no competitive process to fill this position by allowing other qualified candidates to apply.

20. Defendant CITY has a custom and practice of allowing candidates to be promoted to positions over more qualified candidates based on the political activities or political connections

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

of the selected candidate. This practice has been allowed to continue despite the Shakman Decree as found by the recent decisions of the District Court for the Northern District of Illinois and as alleged in ¶ 19 above.

21. Defendants' actions violated 42 U.S.C. §1983 and Plaintiff's rights under the First and Fourteenth Amendments and his right to be free of political association or political affiliation, and to be free of having to make political donations. Though Plaintiff was exceptionally well qualified for the EWP position, he was deprived of his right to be fairly and equally considered as a candidate based on Defendants' actions.

22. As a direct result of Defendants' actions, Plaintiff has lost salary, employment benefits, and has suffered emotional distress.

23. The acts, conduct, and behavior of SPATZ in his individual capacity was performed knowingly, intentionally, and maliciously. Plaintiff is entitled to an award of punitive damages against SPATZ because he knew or should have known that his actions violated the law in view of the numerous court decisions that have found these types of actions to be violations of the law.

24. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff ADEBOLA FAGBEMI requests judgment in favor of Plaintiff and against Defendants, and that the following relief be awarded:

A. Actual damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00);

B. Compensatory damages in a sum in excess of Fifty Thousand Dollars ($50,000.00);

C. Punitive damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00) against the individual Defendant SPATZ in his individual capacity;

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

D. Attorneys' fees and costs of this suit pursuant to 42 U.S.C. §1988; and

E. Any other relief as this Court deems just.

**COUNT II**
**SECTION 1983 RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS AS TO SPATZ**

1-24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 above as paragraphs 1 through 24 of this Count II as though fully set forth herein.

25. The CITY OF CHICAGO's Department of Water, Bureau of Water Supply, operates two of the largest water purification plants in the world. These two water purification plants provide clean, potable water for the entire City of Chicago and approximately forty percent of the people living in the State of Illinois. It is therefore a matter of public concern and importance that only qualified individuals be promoted or hired to positions that have responsibility over the management and supervision of personnel who operate the water treatment plants. Promotions of individuals to such important positions as acting or assistant engineer of water purification must be based on qualifications and only the most qualified candidates should be promoted instead of making decisions based on political connections or political donations.

26. In July of 2006, Plaintiff sent a written complaint to the chief of staff for the CITY of CHICAGO complaining that an unqualified employee had been appointed as the acting EWP for the Bureau of Water Supply and that this employee did not have a required Water Operators License from the State of Illinois. When Plaintiff did not receive any response to this complaint, he complained to the CITY of CHICAGO's Shakman compliance officer in or about November of 2006, and a complaint was also made to the CITY of CHICAGO's inspector general. Plaintiff did not receive any response to these complaints and Defendant SPATZ allowed the individual to remain as the acting EWP.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

27. Plaintiff was significantly more qualified for this EWP position, be it as acting EWP or assistant EWP. Plaintiff has a PhD in environmental engineering with a specialization in water and wastewater engineering, while the selected individual only had a BS degree. Plaintiff worked as a water chemist for Defendant in 1988, and was promoted to consecutively higher levels as a filtration engineer until his promotion to chief filtration engineer in 2002. The newly-promoted assistant EWP had only worked as a project administrator in the past. Plaintiff had eighteen years of direct, hands-on water purification experience as a filtration engineer and six years managing a water purification plant while the selected individual had no prior direct water purification or direct water plant management experience. The selected individual did not even have a proper Illinois EPA Water Operator License until 2007.

28. Plaintiff asked to be considered for the EWP position based on his excellent qualifications. In August of 2007, Plaintiff sent a letter to the mayor of the CITY of CHICAGO, requesting to be considered for a promotion to the EWP position and to be able to compete for this position, noting that this position had not been formally filled. Plaintiff did not receive a response.

29. Instead of allowing Plaintiff to apply for the EWP position, in January of 2008, SPATZ initiated steps for the creation of a new title of "Assistant Engineer of Water Purification" which was then added to the 2008 City budget. No posting or announcement was made for this position by SPATZ. Instead, SPATZ appointed the same individual who was appointed to the acting EWP position to the newly-created assistant EWP position without any posting of this position, without conducting interviews, and without allowing any appropriate competition to determine the best qualified candidate for this newly created position.

30. After SPATZ appointed this individual to the Assistant EWP position, this individual assumed the same duties as he had as an acting EWP and directed Plaintiff and others to report to him regarding the status of various matters affecting their water purification plants.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

31. SPATZ selected the individual in question over Plaintiff and allowed that individual to remain as acting and then assistant EWP over Plaintiff in retaliation for the complaints Plaintiff had made about allowing a less qualified individual who did not have a proper Illinois License to remain in an important position in the Water Department.

32 As commissioner, SPATZ used his position under color of state law to appoint the selected individual to the acting and then assistant EWP position without allowing Plaintiff to compete for this position in retaliation for his protected speech complaints.

33. SPATZ's actions violated 42 U.S.C. §1983 and Plaintiff's rights to free speech under the First and Fourteenth Amendments. Though Plaintiff was exceptionally well qualified for the EWP position, he was deprived of his right to be fairly and equally considered as a candidate based on SPATZ's retaliatory actions.

33. As a direct result of Defendants' actions, Plaintiff has lost salary, employment benefits, and has suffered emotional distress.

34. The acts, conduct, and behavior of SPATZ in his individual capacity was performed knowingly, intentionally, and maliciously. Plaintiff is entitled to an award of punitive damages against him because he knew or should have known that his actions violated the law in view of the numerous court decisions that have found these types of actions to be violations of the law.

35. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff ADEBOLA FAGBEMI requests judgment in favor of Plaintiff and against Defendant SPATZ, and that the following relief be awarded:

A. Actual damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00);

B. Compensatory damages in a sum in excess of Fifty Thousand Dollars ($50,000.00);

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

C. Punitive damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00) against SPATZ in his individual capacity;

D. Attorneys' fees and costs of this suit pursuant to 42 U.S.C. §1988; and

E. Any other relief as this Court deems just.

/s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH, as Attorneys for Plaintiff

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364