IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADEBOLA FAGBEMI, )
)
          Plaintiff, )
v. ) Case No. 08 C 3736
)
JOHN SPATZ and the ) Judge Virginia M. Kendall
CITY OF CHICAGO, )
)
          Defendants. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Adebola Fagbemi ("Fagbemi") brought this action against Defendants City of Chicago ("the City") and John Spatz, Jr. ("Spatz") (collectively "Defendants") alleging that Defendants had engaged in politically-motivated employment discrimination and retaliation in violation of his First and Fourteenth civil rights. On March 19, 2010, the Court granted Defendants' motion for summary judgment on all claims. Defendants subsequently filed a Bill of Costs for $6,269.69, comprising $5,448.75 for transcripts, $359.44 for printing and disbursement, $376.50 for photocopies, $45 for service of summons and subpoena, and $40 for witness fees.[1] For the following reasons, Fagbemi's request for a stay of the proceedings is denied, and Defendants are awarded costs totaling $5,848.94.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 54(d)(1) entitles the prevailing party in a civil case to recover the costs of litigation, other than attorney's fees. The rule creates a "presumption in favor of a cost award" for statutorily authorized costs. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir.

---

[1] The original Bill of Costs included a $30 fee for a condensed copy of a particular deposition transcript. The Defendants have since withdrawn that item from their Bill of Costs.

2000). When assessing a bill of costs, a district court must ascertain whether a statute authorizes recovery of the costs and whether the amount sought is reasonable. *See id.* Recoverable costs include, but are not limited to, "[f]ees for the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and "fees for exemplification and copies of papers necessarily obtained for use in the case." *See* 28 U.S.C. § 1920.

## DISCUSSION

### I. Costs to Which Plaintiff Does Not Object

#### *A. The Subpoena and Deposition of Dr. Susan Greider*

Defendants seek costs of $45.00 for service of a subpoena on Dr. Susan Greider ("Greider") directing her to appear for her deposition in this matter. The prevailing party may recover fees for service of subpoenas at the hourly rates charged by the United States Marshals Service for such service. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). By regulation effective November 12, 2008, the Marshals Service charges $55 per hour for service. *See* 28 C.F.R. § 0.114(a)(3). The Court finds the Defendants' lower rate reasonable and allows the cost of $45.00.

Defendants also seek $40 as a witness fee for Greider's deposition. Fees for non-party witnesses and travel expenses are recoverable as costs. *See* 28 U.S.C. § 1920(3). However, "recovery of fees paid to expert witnesses is limited to the statutory costs specified in 28 U.S.C. § 1821." *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 865 (7th Cir. 1981). That rate is "$40.00 per day for each day's attendance." 28 U.S.C. § 1821(b). The Court finds that witness fees for Greider's deposition are recoverable and reasonable up to the statutory amount. The $40.00 cost is therefore allowed.

### B. Medical Records

Obtaining Fagbemi's medical records cost Defendants $37.60, as reflected by their invoice from the medical provider. This charge, to which Fagbemi does not object, is both reasonable and recoverable. *See, e.g., Correa v. Ill. Dept. of Corrs.*, No. 05 C 3791, 2008 WL 299078 at *1 (N.D. Ill. Jan. 29, 2008) (Darrah, J.).

### C. Attendance Fees

Defendants also seek to charge, under the heading of transcript costs, $612.50 for court reporter attendance fees for Fagbemi's deposition, a $150 court reporter attendance fee for Frank Skiadopoulos's deposition, and a $100 court reporter attendance fee for Greider's deposition. The Court has discretion to award court reporters' attendance fees that are necessary for purposes of discovery depositions. *See, e.g., Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Fagbemi does not challenge the Defendants' attendance fees except insofar as he objects to all costs associated with his second deposition. The Court authorized the extension of time for Fagbemi's deposition, however (*see* R. 53), and Fagbemi has presented no legal authority in support of his objection to Defendants' recovery of costs for it. Defendants have supported the attendance fees with documentation reflecting reasonable hourly rates of $50 per hour. *See, e.g., Benuzzi v. Bd. of Ed. of City of Chi.*, No. 09 C 3510, 2010 WL 3038101, at *1 (N.D. Ill. July 30, 2010) (Conlon, J.) (allowing recovery of $55 per hour court reporter fees). Accordingly, Fagbemi's partial objection is overruled and costs for court reporter attendance fees allowed in the total amount of $862.50.

### D. Transcript Delivery Fees

Finally, Defendants seek to charge $30 for delivery of transcripts. Although Fagbemi does not object, "[d]elivery charges for transcripts are not typically recoverable in a Bill of Costs" because

3

they are deemed ordinary business expenses. *McDonald v. Village of Winnetka*, No. 00 C 3199, 2003 WL 1989656, at *2 (April 30, 2003) (Darrah, J.); *see, e.g., Antonson v. United Armored Servs.*, No. 00 C 4095, 2002 WL 908424, at *1 (N.D. Ill. May 6, 2002). Therefore, the requested $30 in delivery charges are not allowable.

## II. Costs to Which Plaintiff Objects

### *A. Photocopy Costs*

Defendants seek $376.50 for "exemplification and copies of papers necessarily obtained for use in the case." This item comprises the costs of either one or two copies of various pleadings, motions, and discovery papers connected with this litigation. Substantively, Fagbemi objects to the charge for copies of pleadings and other documents filed with the Court on the grounds that "all parties receive copies electronically." This is true of those documents that were filed with the Court, but does not include those discovery filings which were only served between the parties and not electronically filed. Moreover, the Court's standing orders require that a courtesy copy of all motions be delivered to the Court upon filing. Copies of discovery papers and of "pleadings and exhibits submitted to the district court" are recoverable under 28 U.S.C. § 1920(4). *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). The Court finds that a copying charge for one or two copies of the various papers that have been filed or served in this case is reasonable and non-excessive. *See Kulumani v. Blue Cross & Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) ("Two copies of every document filed with the court or provided to opposing counsel makes sense; it is easy to see why each is useful.").

As to the amount charged for the copies, Fagbemi objects to the Defendants charging $0.15 per page for in-house copying because some other commercial copying services cost less. Copy

costs up to $0.20 per page have been determined by other courts in this district to be reasonable, however. *See, e.g., Weiland v. Linear Constr. Ltd.* 2004 WL 783097, at *2 (N.D. Ill. Jan 8, 2004); *McDonald*, 2003 WL 1989656 at *2. Fagbemi presents no authority in support of the proposition that a party can only recover costs for work done at the least expensive possible rate. Moreover, Defendants have presented a rational argument that sufficiently supports their use of in-house copying services, specifically that in-house copying saves on overall redaction costs. *See Manley v. City of Chicago*, 236 F.3d 392, 398-99 (7th Cir. 2001) (cost of binding an appropriate basis to use in-house services at a greater cost than that charged by an outside vendor). The Court therefore awards costs for photocopying 2510 pages at the rate of $0.15 per page, totaling $376.50.

### B. Printing Costs of Documents Referred to in Fagbemi's Response to the Motion for Summary Judgment

Defendants seek $321.84 for copies "of documents mentioned in footnote 1 of Plaintiff's Additional Statement of Material Facts Under Rule 56.1(b)(3) . . . ." That footnote, referencing certain weekly reports generated by Fagbemi's employer, read: "The Defendant was advised that Plaintiff had a box of these reports for Defendants to review and copy if it wished as their [sic] were too many for Plaintiff to copy for Defendant without charging costs. Plaintiff advised Defendants that as these reports were generated by the City, Defendant was already in possession of these documents and they may want to review them before obtaining copies from Plaintiff. Samples of these documents are attached as exhibit O to Plaintiff's Statement of Facts. Defendant never responded to this letter." (R. 73 at 4 n.1.)

Generally, "[t]he expense of copying materials reasonably necessary for use in a case are recoverable costs . . . ." *M.T. Bonk Co.*, 945 F.2d at 1410. As explained above, the per page cost sought by the Defendants is reasonable; the Court therefore considers only whether the copies at

5

issue here were reasonably necessary. Defendants state in their memorandum in support of their Bill of Costs that they "requested and received the documents from plaintiff for inspection and copying" following Fagbemi's filing of the above footnote "in order to prepare Defendants' reply memorandum and response to plaintiff's additional statement of facts." (R. 91 at 7.) Fagbemi argues, however, that it would be unreasonable for Defendants to charge him for copying all of the documents because the reports had been generated by the City itself. Although Fagbemi now argues that only the copies he first provided the Defendants were relevant, he references this "box of . . . reports" to support his response to Defendants' motion for summary judgment without limitation as to relevance. Defendants were therefore entitled to review those documents in their entirety and judge their potential relevance; in order to do so, the Defendants reasonably requested production of the "box of reports" from the party that had relied upon it in his summary judgment filings and now reasonably seeks recovery of the costs of making copies of the documents. Fagbemi's objection is therefore overruled and the cost of $321.84 for photocopies of the reports that he chose to rely upon, without limitation, in his summary judgment filing is allowed.

### C. Costs for Exhibits Used at Fagbemi's First Deposition

Defendants also seek to charge under transcript costs $120.75 for copies of the official marked exhibits used in Fagbemi's first deposition. Generally, costs of deposition exhibits are not taxable where the party was in possession of the exhibits prior to the taking of the depositions. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998). Moreover, Defendants offer no documentation concerning the number of exhibit pages ordered, rendering it impossible for the Court to analyze whether the $120.75 charge was reasonable. Fagbemi's objection to the cost of exhibit copies is therefore sustained.

### D. Deposition Transcript Costs

Finally, Defendants seek a modified total of $5,448.75 for deposition transcript costs, having withdrawn their request for $30 for the condensed transcript of Anthony Sowa. Expenses related to depositions, including transcript costs, are recoverable even if the depositions are not used as evidence at trial or in support of a motion for summary judgment as long as the prevailing party shows that the depositions were "reasonably necessary" to the case. *Sangamo*, 657 F.2d at 867; *see, e.g., Movitz v. First Nat'l Bank of Chi.*, 982 F. Supp. 571, 575 (N.D. Ill. 1997). Defendants deposed Fagbemi, as well as Frank Skiadopoulos, Dr. Susan Greider, John Spatz, Anthony Sowa, Robert Keller, Jeffrey Sebek, Dennis Leonardo, and Iris Fischer—all people with personal knowledge of allegations involved in this case. Fagbemi objects to the charge for the second deposition of Fagbemi, but as noted above, the Court granted Defendants' specific motion for additional time to depose him and the second deposition must therefore be considered reasonably necessary.

Defendants incurred $2,000.20 in costs for the transcript of Fagbemi's deposition in addition to $2,165.30 in total costs for the deposition transcripts of the other witnesses noted above.[2] The transcript costs that the City seeks to recover, which are either $0.90, $3.50, or $3.65 per page, are consistent with or below the amounts allowed for depositions by the Judicial Conference of the United States. *See* L.R. 54.1; *see, e.g., Gallagher v. Gallagher*, No. 07 C 4196, 2010 WL 2610192, at *4 (N.D. Ill. 2010) (Kennelly, J.) (allowing transcript rates for $3.65 per page). Therefore, this Court awards transcript costs in the total amount of $4165.50.

---

[2] Defendants' itemized Bill of Costs reflects a mathematical error—the transposition of two numbers in the total—in the calculation of the cost for the transcript of Dennis Lombardo's deposition, which the Court has corrected. Rather than $742.50, the correct cost of that transcript was $472.50.

**III. Plaintiff's Request for a Stay Pending Appeal**

Finally, Fagbemi has requested, without reference to any legal authority, a stay of any award of costs until the Seventh Circuit decides his pending appeal of the Court's ruling. "[C]osts are appealable separately from the merits; a district court may award costs even while the substantive appeal is pending." *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994). In the absence of any persuasive argument that special circumstances here warrant a stay, Fagbemi's request is denied.

## **CONCLUSION AND ORDER**

Defendants may recover the following costs: $40 for witness fees, $45 for service of summons and subpoena, $37.60 in disbursements for medical records, $862.50 for court reporter attendance fees, $376.50 for exemplification and photocopies of papers, $321.84 in printing costs, and $4,165.50 for deposition transcripts. The Court will not allow costs of $30 for deposition transcript fees or $120.75 for copies of deposition exhibits. In sum, therefore, Defendants are awarded $5,848.94 in costs.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 1, 2010